UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DAISY BUXTON SOLOMON**                           CASE NO. 2:22-CV-05689

**VERSUS**                                          JUDGE JAMES D. CAIN, JR.

**SHERIFF DOUG HEBERT &**                          MAGISTRATE JUDGE LEBLANC
**OFFICER GARRETT BEESON**

## MEMORANDUM RULING

Before the Court is a Partial Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by the Defendants, Allen Parish Sheriff Doug Hebert ("Sheriff Hebert") and Officer Garrett Beeson ("Officer Beeson"). Doc. 12. Plaintiff, Daisy Buxton Solomon ("Solomon"), did not file an opposition.

## BACKGROUND INFORMATION

This case arises from the arrest of Solomon on September 21, 2021. Doc. 1-2 at ¶ 3. Solomon maintains that she was "inside her home and not violating any laws" when Officer Beeson and others kicked in her door, drew their guns, and pointed them at her forehead. *Id.* at ¶¶ 4-6. Solomon alleges that after informing Officer Beeson that she had bone cancer, he used excessive force in effectuating her arrest, which resulted in injuries to her sternum, both shoulders, and fingers. *Id.* at ¶¶ 8-10,14. Thereafter, Solomon alleges that she was taken to jail where she was denied access to her medication and treatment for her injuries. *Id.* at ¶¶ 17-18. Solomon states that because of the use of excessive force the "defendant officers collaborated and wrote a false police report to justify their beating … without probable cause" that resulted in her arrest. *Id.* at ¶ 22. Solomon filed suit on September

21, 2022, alleging claims of excessive force and false arrest under the 4th Amendment, cruel and unusual punishment under the 8th Amendment, and claims against Officer Beeson and Sheriff Hebert in their official and individual capacities. *Id.* at ¶¶ 19, 30, 38. She asserts numerous claims under Louisiana law including: (1) assault and battery, (2) intentional infliction of emotional distress, (3) defamation, (4) invasion of privacy, and (5) false imprisonment. *Id.* at ¶¶ 30, 42. Solomon also asserts claims against Sheriff Hebert based on a failure to properly hire, supervise, and train his officers. *Id.* at ¶¶ 39, 46.

On October 31, 2022, the District Attorney for Allen Parish instituted criminal proceedings against Solomon in the Thirty-Third Judicial District Court, Allen Parish, Louisiana. Doc. 12-2. The criminal proceedings are a result of the arrest that is the subject of Solomon's lawsuit. On July 25, 2023, Solomon pleaded guilty to the charge of possession with intent to distribute a schedule IV narcotic. *Id.* at 5. She received a sentence of four years, suspended, and two years of supervised probation. *Id.*

Based on Solomon's arrest and conviction, Defendants move to dismiss several of her claims. First, Defendants move to dismiss her false arrest and false imprisonment claims as barred under the *Heck* doctrine. Doc. 12-1 at 2-3. Next, Defendants move to dismiss her claims for defamation and invasion of privacy under Louisiana law. *Id.* at 3. Finally, Defendants move to dismiss portions of Solomon's claims arising under 42 U.S.C. § 1983 due to inadequate pleading. *Id.*

**12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion,

the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court may also consider documents referenced in and central to a party's claims only if plaintiffs do not object. *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). In evaluating a motion to dismiss, courts may also consider "matters of which [it] may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

**A. The *Heck* doctrine's impact on Plaintiff's claim for false arrest under 42 U.S.C. § 1983 and false imprisonment under Louisiana law.**

Defendants argue that Plaintiff's claim for false arrest in violation of the Fourth Amendment under section 1983 and false imprisonment under Louisiana law must be dismissed under the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Doc. 12-1 at 4-5. In *Heck*, a case involving a malicious prosecution claim, the Supreme Court found that

civil tort actions, including section 1983 claims, are inappropriate vehicles to challenge the validity of a criminal judgment. *Heck*, 512 U.S. at 486. "[T]o recover damages for allegedly unconstitutional imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. "*Heck* requires the district court to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quoting *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995)). "Louisiana courts apply the *Heck* rationale to state law tort claims." *Price v. City of Bossier*, 841 F. App'x 650, 654 (5th Cir. 2021) (citing *Williams v. Harding*, 2012-1595 (La. App. 1 Cir. 4/26/13), 117 So.3d 187, 191).[1]

As noted above, Plaintiff was convicted on criminal charges that arose directly out of her arrest that is the subject of this lawsuit. Defendants argue that Plaintiff has provided no evidence to suggest that her conviction has been reversed, expunged, or called into question by a writ of habeas corpus, and therefore, her claims for false arrest under section

---

[1] The Fifth Circuit noted that the Louisiana Supreme Court has not definitively applied *Heck* to all state law torts but made an *Erie* guess based on Louisiana jurisprudence. *Price*, 841 F. App'x at 654 n.4 (citing *Lemoine v. Wolfe*, 2014-1546 (La. 3/17/15), 168 So. 3d 362, 368).

1983 and false imprisonment under Louisiana law are barred and must be dismissed. Doc. 12-1 at 5.

The Court agrees. Defendants have provided the Court with a copy of the criminal proceedings, which indicate that the Plaintiff was convicted on drug charges related to her arrest.[2] Doc. 12-2. Plaintiff's complaint does not indicate that her sentence has been set aside. Accordingly, Plaintiff's claim under section 1983 for false arrest and her claim for false imprisonment under Louisiana law will be dismissed.

**B. Plaintiff's claim for defamation under Louisiana law.**

The Plaintiff has alleged that the police report issued after her arrest is "false" and therefore, defamatory under Louisiana law. Doc. 1-2 at ¶¶ 22, 27, 30. Louisiana law recognizes that "defamation involves the invasion of a person's interest in his or her reputation and good name." *Hoffman v. Bailey*, 257 F.Supp.3d 801, 829 (E.D. La. June 20, 2017); *Costello v. Hardy*, 2003-1146 (La. 1/21/04), 864 So.2d 129, 139. For a Plaintiff to prevail on a defamation claim she "must prove: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury." *Starr v. Boudreaux*, 2007-0652 (La. App. 1 Cir. 12/21/07), 978 So.2d 384, 389. Words that accuse one of criminal conduct are considered defamatory per se. *Id.* (citing *Kennedy v. Sheriff of East Baton Rouge*, 2005-1418 (La. 7/10/06), 935 So.2d 669, 675). If a plaintiff proves publication of words that are defamatory per se, the elements of falsity and malice are presumed, but may be rebutted. *Costello*, 864 So.2d at 140. Injury may also be presumed. *Id.*

---

[2] The Court may properly take judicial notice of these records because they are a matter of public record. Fed. R. Evid. 201; *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021).

Louisiana law provides that privilege is a defense to a claim of defamation. *Id.* at 141. This is so because public policy requires, under certain circumstances, free communication of information to others without the fear of incurring liability if the good faith communication turns out to be inaccurate. *Kennedy*, 935 So.2d at 681-82. There are two types of privilege: (1) absolute, and (2) conditional or qualified.[3] *Id.* at 681. Only conditional or qualified privilege is relevant in this matter, which requires a two-step inquiry: (1) whether the circumstances of the communication give rise to a qualified privilege, and (2) whether the privilege was abused. *Id.* at 682 (citing *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730, 745).

Defendants argue that Plaintiff's claims necessarily fail because she has alleged that Officer Beeson defamed her by publishing a false police report knowing that she did not possess any drugs. Doc. 12-1 at 6. Defendants maintain that Plaintiff cannot establish her claim of defamation because she was convicted of possessing drugs arising out of the police report in question. *Id.* This Court agrees. As a member of law enforcement investigating a crime, Officer Beeson had a qualified privilege against defamation. Given Plaintiff's conviction, the alleged statement was not false, and her claim necessarily fails and will be dismissed.

**C. Plaintiff's claim for invasion of privacy under Louisiana law.**

The Plaintiff alleges that the Defendants are liable for invasion of privacy. Doc. 1-2 at ¶ 42. In Louisiana, the tort of "invasion of privacy can occur in four ways: (1) by

---

[3] Absolute privilege protects statements made by judges and legislators in judicial and legislative proceedings. *Kennedy*, 935 So.2d at 681.

appropriating an individual's name or likeness; (2) by unreasonably intruding on physical solitude or seclusion; (3) by giving publicity which unreasonably places a person in a false light before the public; and (4) by unreasonable public disclosure of embarrassing private facts." *Brunner v. Holloway*, 2017-0674 (La. App. 1 Cir. 11/2/17), 235 So.3d 1153, 1161 (citation omitted). A successful claim "requires a finding of an unreasonable intrusion into one's solitude or private affairs." *Todd v. City of Natchitoches, La.*, 238 F.Supp.2d 793, 801 (W.D. La. Oct. 29, 2002) (quoting *Samour v. Louisiana Casino Cruises, Inc.*, 2001-0831 (La. App. 1 Cir. 2/27/02), 818 So.2d 171, 175. A defendant's conduct is reasonable, and not actionable, if properly authorized or justified by the circumstances. *Todd*, 238 F.Supp.2d at 801 (citing *Parish Nat'l Bank v. Lane*, 397 So.2d 1282, 1286 (La. 1981)).

Defendants argue that Plaintiff's invasion of privacy claim is not actionable because Officer Beeson had probable cause to effectuate Plaintiff's arrest, which is evidenced by her conviction following her arrest. Doc. 12-1 at 7. Once again, the Court agrees with the Defendants. A claim for invasion of privacy based on the circumstances surrounding Plaintiff's arrest is not actionable because the Defendants were performing a legitimate arrest, as evidenced by Plaintiff's conviction. Plaintiff's state law invasion of privacy claim will be dismissed.

**D. Plaintiff's 42 U.S.C. § 1983 claim against Officer Beeson in his official capacity.**

The Plaintiff has asserted claims against Officer Beeson in his individual and official capacities. Doc. 1-2 at ¶ 38. Defendants move to dismiss Plaintiff's claim against Officer Beeson in his official capacity because he is not a final policymaker under Louisiana law. Doc. 12-1 at 7. A suit brought against a defendant in his official capacity

is, effectively, a suit against the governmental unit that employs the defendant. *Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 690 n.55 (1978). "Official-capacity suits may be brought only against an official acting as a policymaker, such that his decisions represent the official policy of the local government unit." *Guillot on behalf of T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). State law guides this determination, and in Louisiana, the sheriff is the final policy maker. *Craig v. St. Martin Parish Sheriff*, 861 F.Supp. 1290, 1301 (W.D. La. Aug. 22, 1994) (citing LA. CONST. art. 5, § 27; La. Rev. Stat. § 33:1435). As such, it is appropriate to dismiss claims against law enforcement officers in their official capacities where those allegations duplicate claims against the respective governmental entity. *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001). Plaintiff's claims against Officer Beeson in his official capacity will be dismissed.

### E. Plaintiff's 42 U.S.C. § 1983 claims against Sheriff Hebert in his official capacity.

Plaintiff also asserts claims against Sheriff Hebert in his individual and official capacities under 42 U.S.C. § 1983. Doc. 1-2 at ¶¶ 33, 38-39, 46. She alleges that Sheriff Hebert failed to properly train, supervise, or hire officers, and that he intentionally retained poorly trained officers, such as officer Beeson, which contributed to her harm. *Id.* at ¶ 39, 46. Plaintiff also asserts that Sheriff Hebert failed to have sufficient policies in place to handle excessive force claims or treat injured persons after the use of force. *Id.* at ¶ 33. Defendants move to dismiss Plaintiff's claims against Sheriff Hebert in his official capacity. Doc. 12-1 at 7-11.

Although Plaintiff names Sheriff Hebert as a defendant in his official capacity, her claim is functionally against the local governmental entity itself. *Stuart v. Russell*, No. 21-1231, 2021 WL 4820244, at *2 (W.D. La. Oct. 15, 2021). A municipality cannot be held vicariously liable for the actions of its employees under the traditional theory of respondeat superior. *See Monell*, 436 U.S. at 691. However, a municipality may be held liable under 42 U.S.C. § 1983 if a plaintiff establishes the following three elements: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

An "official policy" may be evidenced through "duly promulgated policy statements, ordinances or regulations," or by a custom that is such a persistent and widespread practice that, although not officially promulgated, it fairly represents a municipal policy. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). A plaintiff's "description of the policy or custom and its relationship to the underlying constitutional violation … cannot be conclusory; it must contain specific facts." *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller v. City of Tex. City, Police Dep't.*, 130 F.3d 162, 167 (5th Cir. 1997)). Isolated incidents are insufficient to establish a custom or policy. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984); *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003). There must be numerous prior incidents to establish a custom or pattern. *Peterson v. City of Fort Worth*, 588 F.3d 838, 851 (5th Cir. 2009).

Defendants move to dismiss all of Plaintiff's claims against Sheriff Hebert in his official capacity. Doc. 12-1 at 7-11. Defendants concede that Sheriff Hebert is a

policymaker but argue that Plaintiff has failed to properly assert that an official policy was the moving force of her injury. *Id.* at 9.  Moreover, Defendants argue that Plaintiff has not established a custom or pattern due to widespread practice, but merely referenced her own alleged interactions with Officer Beeson. *Id.*  The Court agrees with this assessment.

As to Plaintiff's claim for Sheriff Hebert's alleged failure to train and supervise his employees, Defendants note that Plaintiff has offered insufficient allegations to suggest that Sheriff Hebert acted with deliberate indifference, which is a required element. *Id.* at 10.  Liability for failure to train and supervise requires that a defendant acted with deliberate indifference. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).  This requires "proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (citation omitted).  Defendants argue that Plaintiff only referenced her own interactions with Officer Beeson, which is insufficient to suggest that Sheriff Hebert knew that his training and supervision policies caused violations of constitutional rights.  Doc. 12-1 at 9-10.  The Court agrees that Plaintiff's complaint fails to state a viable claim against Sheriff Hebert for failure to train or supervise.

Finally, Defendants move to dismiss Solomon's claim against Sheriff Hebert based on inadequate hiring procedures. *Id.* at 10.  To establish a claim that the Sheriff's hiring procedures violated her rights, Plaintiff must show: (1) the hiring procedures set by the policymaker were inadequate; (2) the policy maker was deliberately indifferent in adopting the hiring policy; and (3) the inadequate hiring policy directly caused her injury. *Benavides v. County of Wilson*, 955 F.2d 968, 972 (5th Cir. 1992).  "Deliberate indifference exists where adequate scrutiny of an applicant's background would lead a reasonable supervisor

to conclude that the plainly obvious consequence of the decision to hire would be the deprivation of a third party's constitutional rights." *Gomez v. Galman*, 18 F.4th 769, 778 (5th Cir. 2021) (citation omitted).  Defendants argue that there are no allegations that Sheriff Hebert had any knowledge that there was an issue with Officer Beeson's character at the time he was hired, or that there is a widespread pattern of Sheriff Hebert hiring employees who violate the constitutional rights of citizens.  Doc. 12-1 at 10.  The Court agrees.  Plaintiff has not alleged any facts to suggest that Sheriff Hebert was deliberately indifferent in his hiring of Officer Beeson.

## CONCLUSION

For the reasons stated herein, Defendants' Partial Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 12) will be **GRANTED**.  Plaintiff's claims for false arrest under the Fourth Amendment and false imprisonment under Louisiana law will be dismissed.  Plaintiff's claims for defamation and invasion of privacy under Louisiana law will be dismissed.  Plaintiff's claims against Officer Beeson in his official capacity will be dismissed.  Plaintiff's claims against Sheriff Hebert in his official capacity based on his alleged failure to properly hire, train, and supervise his employees will be dismissed.

**THUS DONE AND SIGNED** in Chambers on this 16th day of February, 2024.

**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**