UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DAISY BUXTON SOLOMON**              CASE NO. 2:22-CV-05689

**VERSUS**                             JUDGE JAMES D. CAIN, JR.

**DOUG HEBERT JR ET AL**              MAGISTRATE JUDGE LEBLANC

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 18] filed by defendants Garrett Beeson and Doug Hebert, Jr. The motion is regarded as unopposed.

## I.
### BACKGROUND

This suit arises from allegations of civil rights violations made by plaintiff against Sheriff Doug Hebert and Officer Garrett Beeson, employees of the Allen Parish Sheriff's Office. Plaintiff alleges as follows: She was inside her home in Oakdale, Louisiana, on September 21, 2021, when defendants kicked in the door and entered with guns drawn. Doc. 1, att. 2, ¶¶ 4–5. Officer Beeson ordered her to the ground and then struck her in the chest with his elbow when she did not move fast enough, even though she told him that she had bone cancer. *Id.* at ¶¶ 7–9. Plaintiff maintains she had done nothing to justify the arrest and that she did not resist the arrest. *Id.* at ¶¶ 11–12. Nevertheless, she was handled violently by Beeson and then made to wait outside in a vehicle "sitting in soiled clothing and with broken fingers and ruptures to her shoulders for hours" while they searched her home. *Id.* at ¶¶ 15–16. She was then taken to the jail and placed in a holding cell, never

receiving medical attention. *Id.* at ¶¶ 17–18, 23. She was released on October 10, 2021, and promptly sought care. *Id.* at ¶¶ 20–21. She has never been arraigned on any charges in connection with her arrest. *Id.* at ¶ 24.

Based on these allegations, plaintiff filed suit in proper person against Beeson and Hebert in the 33rd Judicial District Court, Allen Parish, Louisiana, raising claims for violation of her constitutional rights under 42 U.S.C. § 1983 and various torts under Louisiana law. The defendants removed the matter to this court on the basis of federal question jurisdiction, 28 U.S.C. § 1331. Doc. 1. They then filed an unopposed motion to stay the case pending resolution of plaintiff's criminal case, which the court granted. Docs. 7, 9. According to that motion, and contrary to plaintiff's allegations, she was charged with possession with intent to distribute marijuana, cocaine, and alprazolam and possession of drug paraphernalia in connection with a search warrant executed on or about September 22, 2021. Doc. 7, att. 1, pp. 1–2; *see* doc. 7, att. 2. The stay was lifted in October 2023, after plaintiff entered a no contest plea to the charge of possession with intent to distribute alprazolam. Doc. 10, att. 2. She received a four-year suspended sentence with two years of supervised probation. *Id.* at 5.

Defendants then filed a partial motion to dismiss for failure to state a claim, which plaintiff failed to oppose. Doc. 12. The court granted the motion, dismissing plaintiff's claims for false arrest under the Fourth Amendment and false imprisonment under Louisiana law, as well as her claims for defamation and invasion of privacy under Louisiana law, her claims against Officer Beeson in his official capacity, and her claims against Sheriff Hebert based on his alleged failure to properly hire, train, and supervise his

employees. Doc. 15. This leaves only plaintiff's claims based on theories of excessive force and denial of adequate medical care.

Defendants mailed Requests for Admission to plaintiff's address of record via certified mail on April 25, 2024. Doc. 18, att. 3, ¶ 5; doc. 18, att. 5. Tracking information on the mailing shows that it was left with an individual at that address at 10:51 am on April 29, 2024. Doc. 18, att. 6. As of August 21, 2024, defendants attest, they have received no response. Doc. 18, att. 3, ¶ 7. Defendants now move for summary judgment based on those requests, to the extent they are deemed admitted under Federal Rule of Civil Procedure 36(b). Doc. 18. Plaintiff has again failed to file a response and the motion is regarded as unopposed.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v.*

*Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

A party may serve on any other party written requests "to admit, for the purposes of the pending action only, the truth of any matter within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described document." Fed. R. Civ. P. 36(a). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." *Id.* at 36(b). A matter admitted under this rule "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." *Id.* Under Federal Rule of Civil Procedure 56(c), admissions may serve as a proper basis for establishing that a fact "cannot be or is genuinely disputed" on summary judgment. Fed.

R. Civ. P. 56(c). Accordingly, when the requests "concern an essential issue, the failure to respond . . . can lead to a grant of summary judgment against the non-responding party." *Thompson v. Beasley*, 309 F.R.D. 236, 240 (N.D. Miss. 2015).

The requests in this matter concern the factual underpinnings of both the excessive force and denial of medical care claims. *See* doc. 18, att. 4. In relevant part, defendants ask that plaintiff admit that "on or about September 21, 2021," (1) no Allen Parish Sheriff's Office employee pointed a gun at her head, (2) Garrett Beeson did not strike her in the chest, force her to the floor, twist or break her fingers, lift her by the shoulders or injure her shoulders, or leave her in a vehicle for hours, and (3) she was not injured in any way by Beeson or any other Allen Parish Sheriff's Office employee. *Id.* at 3. Defendants further request her admission that (1) she was not denied medical treatment during her incarceration, (2) no member of the Allen Parish Sheriff's Office wrote a false police report to justify the use of excessive force, and (3) she fabricated her allegations against Beeson and Hebert. *Id.* at 4–6.

Plaintiff has made no objection to service and the record establishes that the requests were left with an individual at her address of record. Doc. 18, att. 6. More than 30 days have elapsed since this time. The court cannot overlook Rule 36's mandate because of her pro se status, especially given her ongoing failure to respond to any other motions filed in this case. *See Hill v. Brezeale*, 197 F. App'x 331, 336–37 (5th Cir. 2006) ("We are not unsympathetic to the plight of a pro se litigant attempting to proceed through the maze of filing requirements and technical rules involved in a civil litigation. . . . In this case, however, we cannot overlook [plaintiff's] blatant disregard for deadlines and the Federal

Rules."). The requests, which fall within Rule 36(a)'s scope, are therefore deemed admitted. Because the admissions concern essential elements of plaintiff's remaining claims, summary judgment must be granted to both defendants.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 18] will be **GRANTED** and the remaining claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 19th day of September, 2024.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**